IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REJEANA M. SILLA, | ) |
| Plaintiff, | ) |
| v. | ) 2:20-cv-00963 |
| HOLDINGS ACQUISITION CO., L.P. d/b/a RIVERS CASINO, | ) Chief Judge Mark R. Hornak |
| Defendant. | ) |

**OPINION**

**Mark R. Hornak, Chief United States District Judge**

Before the Court is the Defendant's Motion to Dismiss (ECF No. 9) Plaintiff's Amended Complaint (ECF No. 7) for failure to state a claim under the Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendant's Motion to dismiss is **GRANTED**, and the Plaintiff's complaint is **DISMISSED** on the terms set forth below.

**I.   BACKGROUND**

Ms. Rejeana M. Silla ("Silla") brings this action raising various claims of discrimination, harassment, and retaliation against Defendant Holdings Acquisition Co., L.P. d/b/a/ Rivers Casino pursuant to the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Pennsylvania Human Relations Act ("PHRA"). (ECF No. 7.) Ms. Silla's complaint additionally brings a state law claim for breach of contract, alleging that the Defendant breached a contract for employment created by its employee onboarding documents. (ECF No. 7.)

The Defendant moves to dismiss claiming that this case was filed too late, specifically that Ms. Silla filed it after the expiration of the 90-day filing window that follows the issuance of a Dismissal and Notice of Rights by the Equal Employment Opportunity Commission (EEOC) under

1

42 U.S.C. Section 2000e–5(f)(1)[1]. (ECF Nos. 9, 10.) In response, Ms. Silla argues that her initial complaint was, if not timely, filed close enough to 90 days following her receipt of that letter. (ECF No. 12.) Ms. Silla further proposes that equitable tolling should apply to allow the action to proceed despite her delay in filing, both because her medical condition prevented her from timely filing and because communications with the EEOC led her to believe that she could file later. (ECF No. 12.)

For the reasons set forth below, the Court concludes both that Ms. Silla's federal law claims are untimely, and that equitable tolling is not appropriate based on the facts alleged in the Complaint and otherwise properly before the Court. And because the Court dismisses Ms. Silla's federal claims as untimely, the Court will also dismiss Ms. Silla's state law claims without prejudice for lack of supplemental jurisdiction under 28 U.S.C. § 1367(c)(3).

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." The Supreme Court's *Ashcroft v. Iqbal* decision held that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not enough to survive a Rule 12(b)(6) motion. 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, a plaintiff's factual allegations must "raise a right to relief above the speculative level" and state a plausible claim for relief. *Twombly*, 550 U.S. at 555. In reading the complaint, the Court should "accept all factual allegations as true, construe the complaint in a light most favorable to the plaintiff, and determine whether, under a reasonable reading of the complaint, the plaintiff may be entitled to relief."

---

[1] The ADA incorporates by reference Title VII's powers, remedies, and procedures, including the requirement that a civil action must be filed within ninety days after the EEOC notifies the person aggrieved of a charge's dismissal. *Ebbert v. DaimlerChrysler Corp.*, 319 F.3d 103, 108 (3d Cir. 2003); 42 U.S.C. § 12117 (2000); 42 U.S.C. § 2000e–5(f)(1). This ninety (90) day period is therefore applicable to the claims asserted under both Title VII and the ADA.

*Blanyar v. Genova Prods. Inc.*, 861 F.3d 426, 431 (3d Cir. 2017) (citing *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)).

The Third Circuit further requires that lower courts utilize a three-part framework to assess Motions to Dismiss. First, the Court must "identify the elements of the claim." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Second, the Court should "review the complaint to strike conclusory allegations." *Id.* And finally, the Court "look[s] at the well-pleaded components of the complaint and evaluat[es] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Id.* If the facts alleged in the complaint "show" that the plaintiff is entitled to relief, the motion to dismiss should be denied. *See Fowler*, 578 F.3d at 210–11.

Ordinarily, the statute of limitations is an affirmative defense that cannot be addressed at the motion to dismiss stage. But in our Circuit, what is commonly knows as the "Third Circuit Rule" permits it to be raised and adjudicated at this stage of the proceedings when the complaint, and documents that are properly considered at this stage, demonstrate that the action is time-barred. *See Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002).

### III.  DISCUSSION

Under 42 U.S.C. § 2000e–5(f)(1), claims brought under Title VII must be filed within ninety (90) days of a claimant's receipt of the EEOC Right to Sue letter. *Elkadrawy v. Vanguard Group, Inc.,* 584 F.3d 169, 173 (3d Cir. 2009). The beginning of that 90-day period is "generally considered to be the date on which the complainant receives the right-to-sue letter." *Burgh v. Borough Council of Borough of Montrose,* 251 F.3d 465, 470 (3d Cir.2001) (citations omitted). The 90–day filing period is not a jurisdictional requirement, but instead is treated as a statute of limitations. *Figueroa v. Buccaneer Hotel, Inc.,* 188 F.3d 172, 176 (3d Cir.1999). The Third Circuit has held that raising this issue is an affirmative defense and that the burden of proof "rests solely

on the employer." *Ebbert v. DaimlerChrysler Corp.,* 319 F.3d 103, 108 (3d Cir. 2003). Here, the Defendant has properly raised this issue in its motion to dismiss. Therefore, the question is whether it has met its burden.

### A. <u>Whether the Complaint Was Timely Filed</u>

The relevant facts relating to the timeliness of Ms. Silla's filing are as follows. On February 25, 2020, Ms. Silla filed a charge of discrimination under the ADA and Title VII of the Civil Rights Act against Rivers Casino with the EEOC. (ECF No. 1.) The EEOC issued a Dismissal and Notice of Rights with respect to that charge on March 20, 2020. (ECF No. 10-2.) That Dismissal and Notice of Rights states clearly that Silla's "lawsuit must be filed within 90 days of [her] receipt of [the] notice, or [her] rights based on [her] charge will be lost." (ECF No. 10-2, at 1.) [2] Ms. Silla initiated the present action by filing her original complaint on June 26, 2020 – ninety-eight (98) total days after the EEOC issued the Dismissal and Notice of Rights. (ECF No. 1.)

As calculated from the date of the letter's issuance, Ms. Silla's complaint would appear to be eight (8) total days outside of the 90-day period. However, the statute of limitations analysis requires an examination of when the letter was *received*, as the 90–day period's onset is calculated based on the date on which the complainant receives the right-to-sue letter. *Burgh*, 251 F.3d at 470; 42 U.S.C. § 2000e–5(f)(1). The actual date of a letter's receipt controls where that date is known. Where the date of receipt is unknown, the Third Circuit follows the Federal Civil Rules' three (3) day grace period rule with respect to EEOC Right to Sue letters:

---

[2] To decide a motion to dismiss, courts may generally consider only allegations contained in the complaint, exhibits attached to the complaint, and matters of public record. Fed. R. Civ. P. Rule 12(b)(6); *see Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192 (3d Cir. 1993). However, the Third Circuit has held that "a court may consider an undisputedly authentic document that defendant attaches as exhibit to motion to dismiss if plaintiff's claims are based on the document." *Pension Ben. Guar. Corp.*, 998 F.2d at 1196. Here, the Plaintiff's claims are based on the EEOC Right to Sue letter attached by the Defendant, which is undisputedly authentic. Therefore, the Court will consider the language of that letter in evaluating the Defendant's motion to dismiss.

> ". . . in the absence of other evidence, courts will presume that a plaintiff received her right-to-sue letter three days after the EEOC mailed it. *See* Fed. R. Civ. P. Rule 6(e); *Mosel [v. Hill's Dept. Store, Inc.],* 789 F.2d [251], 253 n. 2 [ (3d Cir.1986) ] (stating that the Supreme Court has suggested that Rule 6(e) applies when parties dispute the date of receipt). Rule 6(e)'s three-day presumption attempts to ensure that the plaintiff has the benefit of the full ninety-day period when the date of actual receipt is unknown."

*Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir.1999) (citations omitted). Thus, where there is no evidence to the contrary, courts will presume that a plaintiff received her right-to-sue letter three (3) days after the EEOC mailed it. *Id; see also Gilliam v. Verizon Pennsylvania, Inc.*, No. CIV.A. 13-1557, 2014 WL 901296, at *3 (W.D. Pa. Mar. 7, 2014).

Ms. Silla did not make any representations regarding the receipt-date of the letter in her Amended Complaint, which simply pled that "[t]he EEOC issued Plaintiff a notice of right to sue on March 20, 2020." (ECF No. 7, at 13.)[3] Thus, because the date of the letter's actual receipt is not known, the Fed. R. Civ. P. 6(d) grace period applies and Ms. Silla is presumed to have received the Notice of Rights letter within three (3) days of its March 20, 2020 issuance. Applying the three-day grace period to presume that Ms. Silla received the letter on March 23, 2020, the 90-day right to sue period would require any action to be filed on or before June 21, 2020. Ms. Silla's filing on June 26, 2020, thus remains at minimum five (5) days late. (ECF No. 9, at 1.)

B. **Equitable Tolling**

Ms. Silla's filing was untimely even applying the Federal Rules' grace period presumption. However, Ms. Silla also argues that the Court should apply equitable tolling to allow her action to

---

[3] Ms. Silla does make the following statement in her Response to the Defendant's Motion to Dismiss: "In a letter to the EEOC Area Acting Director, Deborah Kane, in which Plaintiff states that she had received the letter around March 27, 2020." (ECF No. 12, at 1.) To the extent the Court construes this statement as an argument that Ms. Silla in fact did receive the letter on March 27, 2020, that argument is not persuasive because a Plaintiff cannot rely on new facts alleged in a response to a motion to dismiss in order to defeat the motion, *Hammond v. City of Phila.*, No. CIV. A. 005082, 2001 WL 823637, at *3 (E. D. Pa. June 29, 2001), and Ms. Silla made no representations as to the date she received the letter in her Amended Complaint. Regardless, even if Ms. Silla had properly alleged that she received the letter on March 27th, her action would still be untimely by one (1) day.

5

proceed. Equitable tolling may be applied to allow plaintiffs to sue after the statutory time period for filing a complaint has expired if they have been prevented from filing in a timely manner due to inequitable circumstances. *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 240 (3d Cir. 1999). Specifically, the Supreme Court has held that equitable tolling may be appropriate when a claimant received inadequate notice of her right to file suit, where a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that she had done everything required of her. *See Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 151 (1984). And in *United States v. Midgley*, 142 F.3d 174 (3d Cir. 1998), the Third Circuit also expressed a willingness to invoke equitable tolling in other special circumstances, including when the defendant has actively misled the plaintiff; when the plaintiff "in some extraordinary way" was prevented from asserting her rights; and when the plaintiff timely asserted her rights in the incorrect forum. *See id.* at 179.

First, as part of her argument that the court should apply equitable tolling, Ms. Silla cites to certain email communications with the EEOC. (ECF No. 12-1.) These emails include a communication from an EEOC staffer intended to be sent to his supervisor but erroneously sent to Ms. Silla, recommending but not deciding that Ms. Silla's case be reopened in part (which it ultimately was not). (ECF No. 12-1, at 5.) When evaluating a plaintiff's argument that equitable tolling should apply because of EEOC actions, courts ask whether the plaintiff was reasonably misled by those actions. For example, in *Elchik v. Akustica, Inc*., No. 2:12-CV-00578, 2013 WL 1403341, at *1 (W.D. Pa. Apr. 5, 2013), the Court held that the 90-day right to sue time was equitably tolled because the EEOC's had issued a Notice of Intent to Reconsider that revoked a prior Right to Sue letter, leading the plaintiff to reasonably interpret that letter as having the effect of tolling or restarting the 90-day period.

Although Ms. Silla cites to the EEOC emails, unlike the plaintiff in *Elchik*, she does not appear to assert that she delayed the filing of her suit in reliance on those communications. Indeed, it would not have been reasonable for her to do so. The erroneously sent email did not report that her investigation had been reopened or indicate that the EEOC actually planned to reopen it. (ECF No. 12-1, at 5.). The sender notified Ms. Silla that she should disregard the erroneous communication. (ECF No. 12-1, at 2.). And most significantly, Ms. Silla promptly emailed the sender back, indicating that she understood the erroneous nature of the communication and would disregard it. *Id.* Therefore, this case is not like *Elchik*, where the plaintiff delayed filing suit in reasonable reliance on the EEOC's issuance of a formal Notice of Intent to Reconsider that actually had the effect of revoking its prior Right to Sue Letter. The EEOC communications cited here do not justify the application of equitable tolling because they were clearly informal and accidental, and Ms. Silla stated that she understood that communication's informal nature and would not rely on it.

Second, Ms. Silla asserts that her complaint was untimely filed because her anxiety and other stressors – including the stress of having lost her job –caused her to suffer medically documented dizzy spells and exhaustion. (ECF No. 12, at 3.) Various Circuits have held that a statute of limitations may be tolled where a mental health condition prevents the plaintiff from timely filing. *See Nunally v. MacCausland*, 996 F.2d 1, 6 (1st. Cir.1993) (plaintiff's "crippling" schizophrenic disorder raised a genuine issue of fact as to whether she was capable of filing within a limitations period); *Biester v. Midwest Health Serv.*, 77 F.3d 1264, 1268 (10th Cir. 1996) (exceptional circumstances justifying equitable tolling include an adjudication of incompetence, institutionalization for mental incapacity, or other evidence that the individual is incapable of pursuing his own claims); *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999) (equitable tolling justified where a *pro se* petitioner was prevented from pursuing his legal rights because of his

"mental incompetency combined with forced confinement and medication, no access to legal materials, and the temporary loss of his glasses"). However, some Circuits have only recognized mental illness as a ground for equitable tolling in extreme circumstances, requiring a finding that a plaintiff has demonstrated that they are by reason of their mental disorder incapable of managing their affairs or unable to rationally think or function. *See Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996), *cert denied* 519 U.S. 937, 117 (1996); *Speiser v. U.S. Dep't of Health and Human Services*, 670 F. Supp. 380, 384 (D.D.C.1986).

The Third Circuit has not set forth a specific standard for determining when equitable tolling is justified based on mental deficiency affecting the ability to make a timely filing. However, in *Barren v. United States*, 839 F.2d 987 (3d Cir. 1988), the court did determine that mental incompetence was not a *per se* reason to toll the statute of limitations in a federal action. *See also Hedges v. United States* (3d Cir. 2005) (characterizing *Barren* as having held that "mental incompetence, even rising to the level of insanity, does not toll a federal statute of limitations for claims against the Government"). In view of that holding, a court must consider all relevant factors in determining whether in the circumstances, asserted mental incompetence had an effect on the ability to file. *Harris v. Potter*, No. CIV.A. 03-3522, 2004 WL 1613578, at *5 (E.D. Pa. July 16, 2004). For example, in *Harris*, the Court determined that equitable tolling applied where the plaintiff provided documentation from a doctor explaining that symptoms from diagnosed conditions including major depression with psychosis and post-traumatic stress disorder had been "severe and incapacitating," and where the defendant, her employer, had been clearly made aware of her diagnoses after she had episodes at work and by her express notification. *Id.* at *5.

Here, the complaint does not allege mental health diagnoses that are sufficiently "severe and incapacitating" to justify the application of equitable tolling. While the Court does not minimize

8

Plaintiff's asserted health problems, it is clear from what Ms. Silla has told the Court in the record that she could have filed on time despite her medical conditions–especially given that Ms. Silla continued to attend school while experiencing those conditions. (ECF No. 12, at 3.) Ms. Silla's asserted symptoms are therefore unlike the evidence presented by the plaintiff in *Harris*, in which the plaintiff's mental illness was described as "severe in nature" and having "markedly compromised her functioning," resulting in the court's conclusion that the plaintiff's mental illness was debilitating and that the mental illness had prevented her from exercising her rights. *Id.* Indeed, in a similar case, the court rejected the application of equitable tolling where a Plaintiff asserted high blood pressure and cardiac problems exacerbated by "stress and aggravation" from his job, finding that–unlike in *Harris*–the Plaintiff had produced no evidence of an "inability to carry on his affairs" as a result of his health problems. *Hatcher v. Potter*, No. CIV.A. 04-2130, 2005 WL 3348864, at *5 (E.D. Pa. Dec. 7, 2005), *aff'd*, 196 F. App'x 120 (3d Cir. 2006). Similarly, although Ms. Silla has alleged health problems that may well have negatively affected the quality of her life, she has not asserted facts that would demonstrate that those health problems rendered her unable to carry on her affairs such that she was prevented from filing the present action in a timely manner.

And finally, the Defendant here did not have notice of Ms. Silla's health problems such that it could have anticipated that she would be unable to timely file her action. Ms. Silla asserts in her response that the Defendant did not object to "an extension of a few days to file the *Amended* Complaint" after Ms. Silla informed defense counsel of the need for an extension via email. (ECF No. 12, at 3.)(emphasis added). But this does not establish that the Defendant was aware of her health problems and inability to file the initial complaint within the statute of limitations. In *Harris*, the defendant was aware, both constructively and by the plaintiff's express notification,

9

that the plaintiff suffered from such extreme health problems that she had been incapacitated and hospitalized. 2004 WL 1613578, at *5. The Defendant here had no such notification – constructive or express – that any health problems would make Ms. Silla unable to file her complaint on time. And indeed, because no such extreme health problems have been alleged here, the question of notice and prejudice to the Defendant is somewhat superfluous: "Although absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify such tolling is identified, it is not an independent basis for invoking the doctrine and sanctioning deviations from established procedures." *Hedges v. United States*, 404 F.3d 744 (3d Cir. 2005).

Because statutes of limitation are intended to expedite the resolution of disputes, courts apply the equitable tolling doctrine sparingly. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95–96 (1990). Here, neither the Defendant nor the EEOC actively misled Ms. Silla. Instead, the EEOC clearly notified Ms. Silla of the 90-day time period to file suit. (ECF No. 12-1.) And Ms. Silla has not asserted health circumstances that were sufficiently severe to have prevented her from filing in a timely fashion. Therefore, the Court concludes that equitable tolling is inappropriate in this case.

### IV.     CONCLUSION

No matter how it is measured on the record before the Court, Ms. Silla's action was not filed in a timely fashion, having been filed five (5) days outside of the Right to Sue time period as calculated from Ms. Silla's presumptive receipt of the letter. Ms. Silla's federal claims are therefore dismissed with prejudice. Ms. Silla's state law claims are also dismissed but without

prejudice. The Court has no independent jurisdiction over her state law claims,[4] and after having dismissed Ms. Silla's federal claims, the Court also should not and will not exercise supplemental jurisdiction over those claims under 28 U.S.C. § 1367(c)(3). For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 9) is **GRANTED**, and the Plaintiff's federal law claims asserted under Title VII and the ADA are **DISMISSED** with prejudice, and the balance of her claims are dismissed without prejudice to their refiling in state court. The Clerk will close the case on the docket of this Court, and an appropriate Order will issue.

s/ Mark R. Hornak
Mark R. Hornak
Chief United States District Judge

Dated: November 17, 2020

cc: All counsel of record and Plaintiff, via CM/ECF

---

[4] The parties lack diversity: Ms. Silla has asserted that she resides in Pennsylvania, apparently on a permanent basis, and she therefore appears to be domiciled in Pennsylvania. (ECF No. 7, at 12.) Ms. Silla asserts that Rivers Casino is likewise a resident of Pennsylvania. (ECF No. 7, at 12.) Thus, because she has not alleged that the Defendant is a citizen of a different state, Ms. Silla has not established that the parties are diverse. *See* 28 U.S.C. § 1332.